FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| Man-Q Corp., | |
| Plaintiff | |
| v. | Civil Action No. 1:15CV1367 |
| Conair Corp., | JURY TRIAL DEMANDED LMB/TCB |
| Defendant | |

2015 OCT 20 P 4: 13

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Man-Q Corp. ("Man-Q"), by and through its attorneys, for its complaint against Defendant Conair Corp. ("Conair") alleges as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action arising under the Patent Laws of the United States, Title 35, Section 1, *et. seq.*

### THE PARTIES

2. Plaintiff Man-Q is a Taiwanese corporation having its principal place of business at 7/F, No. 17, Siping St., Chungshan Dist., Taipei City, Taiwan.

3. Man-Q was founded by Mr. Kai-Mou Tsai, a prolific innovator and manufacturer of hair care products and accessories who is the named inventor of over 50 patents granted by the United States Patent and Trademark Office ("USPTO"). Man-Q is the assignee of a number of U.S. patents invented by Mr. Tsai as well as Mr. Shih-Ling Hsu, a fellow Taiwanese inventor in the hair care product and accessory industry.

1

4. Upon information and belief, Defendant Conair is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1 Cummings Point Road, Stamford, CT 06902.

5. Upon information and belief, Conair sells hair accessories under its own name and as Scunci,® a division of the Conair Corporation, with sales in the United States, including in this district.

## JURISDICTION AND VENUE

6. This is a patent infringement action arising under the Patent Laws of the United States, Title 35, Section 1, *et. seq.* This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

7. Venue is proper under 28 U.S.C. § 1391(b), 35 U.S.C. § 293, and/or Va. Code Ann. § 8.01-328.1.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Conair maintains substantial, continuous and systematic contacts within the Commonwealth of Virginia. Conair thus has purposefully availed itself of the privilege of conducting activities in this judicial district and division, thereby invoking the benefits and protections of the laws of the Commonwealth of Virginia.

9. Defendant Conair, directly or through intermediaries (including distributors, retailers, subsidiaries, affiliates, agents, and others) ships, distributes, offers for sale, sells, and/or advertises its products relating to hair accessories in the United States, the State of Virginia, and the Eastern District of Virginia. On information and belief, Conair has committed acts of patent infringement in Virginia including offering for sale and/or selling infringing hair accessory products in Virginia and the Eastern District of Virginia. Conair's products have been sold and

used in Virginia and the Eastern District of Virginia, and on information and belief, continue to be purchased and used by consumers in Virginia and the Eastern District of Virginia. In addition, Conair operates a retail website at http://www.conair-store.com where it advertises, offers to sell, and sells various Conair products directly to consumers, including those located in the Eastern District of Virginia.

10. Pursuant to 35 U.S.C. § 293, the Eastern District of Virginia has jurisdiction of a nonresident patentee such as Man-Q, regarding its U.S. patents or rights thereunder.

## BACKGROUND

**The Patents**

11. U.S. Design Patent No. D391,020 (the "'020 patent"), titled "Hair Clip," was duly issued by the United States Patent and Trademark Office ("USPTO") on February 17, 1998. Mr. Tsai is the sole inventor listed on the face of the '020 patent. Mr. Tsai assigned his rights in the '020 patent to Man-Q. Man-Q is the legal owner of the '020 patent and has the entire right, title and interest in and to the '020 patent. A true and correct copy of the '020 patent is attached as Exhibit 1.

12. U.S. Design Patent No. D404,524 (the "'524 patent"), titled "Hair Clasp," was duly issued by the USPTO on January 19, 1999. Mr. Tsai is the sole inventor listed on the face of the '524 patent. Mr. Tsai assigned his rights in the '524 patent to Man-Q. Man-Q is the legal owner of the '524 patent and has the entire right, title and interest in and to the '524 patent. A true and correct copy of the '524 patent is attached as Exhibit 2.

13. U.S. Design Patent No. D627,509 (the "'509 patent"), titled "Hair Raiser," was duly issued by the USPTO on November 16, 2010. Mr. Tsai is the sole inventor listed on the face of the '509 patent. Mr. Tsai assigned his rights in the '509 patent to Man-Q. Man-Q is the

legal owner of the '509 patent and has the entire right, title and interest in and to the '509 patent. A true and correct copy of the '509 patent is attached as Exhibit 3.

14. U.S. Design Patent No. D635,296 (the "'296 patent"), titled "Hair Retainer," was duly issued by the USPTO on March 29, 2011. Mr. Hsu is the sole inventor listed on the face of the '296 patent. Mr. Hsu assigned his rights in the '296 patent to Man-Q. Man-Q is the legal owner of the '296 patent and has the entire right, title and interest in and to the '296 patent. A true and correct copy of the '296 patent is attached as Exhibit 4.

15. U.S. Design Patent No. D668,815 (the "'815 patent"), titled "Hair Band," was duly issued by the USPTO on October 9, 2012. Mr. Hsu is the sole inventor listed on the face of the '815 patent. Mr. Hsu assigned his rights in the '815 patent to Man-Q. Man-Q is the legal owner of the '815 patent and has the entire right, title and interest in and to the '815 patent. A true and correct copy of the '815 patent is attached as Exhibit 5.

16. U.S. Patent No, 8,161,982 (the "'982 patent"), titled "Hair Ornament," was duly issued by the USPTO on April 24, 2012. Mr. Hsu is the sole inventor listed on the face of the '982 patent. Mr. Hsu assigned his rights in the '982 patent to Man-Q. Man-Q is the legal owner of the '982 patent and has the entire right, title and interest in and to the '982 patent. A true and correct copy of the '982 patent is attached as Exhibit 6.

**Conair's Infringing Products**

17. On information and belief, during the term of the '020 patent, Conair and its Scunci division manufactured, marketed, or sold in the United States, or imported into the United States, hair clips that fall within the scope of the '020 patent, including at least hair clips having product numbers 22742-A, 37694-A, 37516-A, 38074-A, and 81514-H.

18. On information and belief, during the term of the '524 patent, Conair and its Scunci division manufactured, marketed, or sold in the United States, or imported into the United States, hair clasps that fall within the scope of the '524 patent, including those made of metal with a chain-link adornment.

19. On information and belief, Conair and its Scunci division manufacture, market, or sell in the United States, or import into the United States, hair raisers that fall within the scope of the '509 patent, including at least hair raisers having product numbers 20034-W and 55768-P.

20. On information and belief, Conair and its Scunci division manufacture, market, or sell in the United States, or import into the United States, hair retainers that fall within the scope of the '296 patent, including at least hair retainers having the product number 39046-A.

21. On information and belief, Conair and its Scunci division manufacture, market, or sell in the United States, or import into the United States, hair bands that fall within the scope of the '815 patent, including at least hair bands having product numbers 39202-A, 39445-A, and 39642-A.

22. On information and belief, Conair and its Scunci division manufacture, market, or sell in the United States, or import into the United States, hair ornaments that fall within the scope of the '982 patent, including at least hair ornaments having the product number 38277-A.

23. On information and belief, the acts of infringement by Defendant Conair and its Scunci division have been and continue to be intentional and willful.

## COUNT 1 – PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D391,020

24. Plaintiff Man-Q re-alleges and incorporates paragraphs 1-23 of this Complaint.

25. Upon information and belief, Defendant Conair and its Scunci division have infringed the '020 patent by manufacturing, marketing, and selling in the United States, or

importing into the United States, one or more of the hair clips identified in this Complaint, which embody the design covered by the '020 design patent.

26. Defendant Conair's acts of infringement have caused damage to Man-Q.

27. On information and belief, the acts of infringement by Defendant Conair have been intentional and willful, making this case exceptional and entitling Man-Q to increased damages and other relief pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 2 – PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D404,524

28. Plaintiff Man-Q re-alleges and incorporates paragraphs 1-27 of this Complaint.

29. Upon information and belief, Defendant Conair and its Scunci division have infringed the '524 patent by manufacturing, marketing, and selling in the United States, or importing into the United States, one or more of the hair clasps identified in this Complaint, which embody the design covered by the '524 design patent.

30. Defendant Conair's acts of infringement have caused damage to Man-Q.

31. On information and belief, the acts of infringement by Defendant Conair have been intentional and willful, making this case exceptional and entitling Man-Q to increased damages and other relief pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 3 – PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D627,509

32. Plaintiff Man-Q re-alleges and incorporates paragraphs 1-31 of this Complaint.

33. Upon information and belief, Defendant Conair and its Scunci division have infringed and continue to infringe the '509 patent by manufacturing, marketing, and selling in the United States, or importing into the United States one or more of the hair raisers identified in this Complaint, which embody the design covered by the '509 design patent.

34. Defendant Conair's acts of infringement have caused damage to Man-Q and will continue to do so unless and until enjoined.

35. On information and belief, the acts of infringement by Defendant Conair have been intentional and willful, making this case exceptional and entitling Man-Q to increased damages and other relief pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 4 – PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D635,296

36. Plaintiff Man-Q re-alleges and incorporates paragraphs 1-35 of this Complaint.

37. Upon information and belief, Defendant Conair and its Scunci division have infringed and continue to infringe the '296 patent by manufacturing, marketing, and selling in the United States, or importing into the United States one or more of the hair raisers identified in this Complaint, which embody the design covered by the '296 design patent.

38. Defendant Conair's acts of infringement have caused damage to Man-Q and will continue to do so unless and until enjoined.

39. On information and belief, the acts of infringement by Defendant Conair have been intentional and willful, making this case exceptional and entitling Man-Q to increased damages and other relief pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 5 – PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D668,815

40. Plaintiff Man-Q re-alleges and incorporates paragraphs 1-39 of this Complaint.

41. Upon information and belief, Defendant Conair and its Scunci division have infringed and continue to infringe the '815 patent by manufacturing, marketing, and selling in the United States, or importing into the United States one or more of the hair bands identified in this Complaint, which embody the design covered by the '815 design patent.

42. Defendant Conair's acts of infringement have caused damage to Man-Q and will continue to do so unless and until enjoined.

43. On information and belief, the acts of infringement by Defendant Conair have been intentional and willful, making this case exceptional and entitling Man-Q to increased damages and other relief pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 6 – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,161,982

44. Plaintiff Man-Q re-alleges and incorporates paragraphs 1-43 of this Complaint.

45. Upon information and belief, Defendant Conair and its Scunci division have infringed and continue to infringe the '982 patent by manufacturing, marketing, and selling in the United States, or importing into the United States one or more of the hair ornaments identified in this Complaint, which are covered by the '815 design patent.

46. Defendant Conair's acts of infringement have caused damage to Man-Q and will continue to do so unless and until enjoined.

47. On information and belief, the acts of infringement by Defendant Conair have been intentional and willful, making this case exceptional and entitling Man-Q to increased damages and other relief pursuant to 35 U.S.C. §§ 284 and 285.

## EXCEPTIONAL CASE

48. This case is exceptional within the meaning of 35 U.S.C. § 285. Plaintiff Man-Q is entitled to an award of its attorneys' fees in connection herewith.

## JURY DEMAND

49. Plaintiff Man-Q requests a jury for all issues so triable in connection with this matter.

## **PRAYER FOR RELEF**

WHEREFORE, Plaintiff Man-Q prays for a judgment against Defendant Conair, as follows:

a. A judgment that Defendant Conair has infringed the '020, '524,'509, '296, '815, and '982 patents, and that such infringement was willful;

b. An award of damages to Plaintiff against Conair for infringement of the '020, '524, '509, '296, '815, and '982 patents under 35 U.S.C. § 284 and/or § 289;

c. In the event Plaintiff elects to recover damages under 35 U.S.C. § 284, an increase of the sums awarded to Plaintiff to three times actual damages, according to 35 U.S.C. § 284;

d. That Conair, its officers, agents, and employees be permanently enjoined from infringing the '509, '296, '815, and '982 patents;

e. A declaration that Plaintiff Man-Q's case against Conair is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

f. An award of costs and attorneys' fees to Man-Q; and

g. Such other relief as the Court deems just and reasonable.

Respectfully submitted,

**DGKEYIP GROUP**

Dated: October 20, 2015

*/s/ signature/*

Bernard J. DiMuro
Virginia Bar No. 18784
Sara Sakagami
Virginia Bar No. 77278
**DIMUROGINSBERG P.C.**
1101 King Street, Suite 610
Alexandria, Virginia 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
Email: bdimuro@dimuro.com;
ssakagami@dimuro.com

Cecil E. Key, Esq.
Virginia Bar No. 41018
**KEY IP LAW GROUP, PLLC**
1934 Old Gallows Road, Suite 350
Vienna, Virginia 22182
Phone: (703) 752-6276
Fax: (703) 752-6201
Email: cecil@keyiplaw.com

*Attorneys for Plaintiff*
*MAN-Q CORPORATION*